No. 32,559

WILLIAM P. ELLIOTT, Executor of the Last Will and Testament of L. F. Parsons, Deceased, *Appellant,* v. THE GRAND LODGE DEGREE OF HONOR OF KANSAS, and CHARLES L. PARSONS, *Appellee.*

(53 P. 2d 466)

Opinion filed January 25, 1936.

*Charles M. Tucker* and *Charles Vance,* both of Liberal, for the appellant. *David J. Wilson,* of Meade, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover an amount due on a certificate of insurance issued by a fraternal society on the life of Alice A. Parsons, of Dodge City. The named beneficiary was Louis F. Parsons, her husband.

Alice died on August 8, 1933, and Louis died three days later, on August 11, 1933.

Louis died testate, and the plaintiff as executor brought this action against the insurer, The Grand Lodge Degree of Honor, to collect the insurance. The Grand Lodge paid the money into court and was dismissed.

Charles L. Parsons, only son and sole heir of Louis, was impleaded and filed an answer and cross petition, in which he laid claim to the proceeds of the certificate of insurance on the ground that under the pertinent statute and the bylaws of the society the insurance money could not be used to pay the debts of Louis, and consequently the executor had no legal right to it.

The pleadings developed no dispute of fact. In an agreed statement of counsel for the litigants, the facts summarized as above were supplemented in part thus:

". . . At the time of his death, no proof of the death of Alice A. Parsons had been forwarded to the Grand Lodge Degree of Honor and no attempt had been made to collect the proceeds of the beneficiary certificate. Alice A. Parsons left no sons or daughters and, accordingly, L. F. Parsons was her sole heir at law."

The trial court ruled that the plaintiff executor was entitled to collect the proceeds of the beneficiary certificate—

". . . But that the proceeds of said certificate are not assets of the estate of L. F. Parsons, deceased, and are exempt funds which cannot be used for the payment of the debts of the deceased and that the proceeds of such certificate is a special fund to be collected by the plaintiff and to be immediately paid to the surviving heirs at law of L. F. Parsons, deceased. The court further finds that the defendant, Charles L. Parsons, is the only surviving heir at law of L. F. Parsons, deceased."

Judgment was entered accordingly and the executor appeals, ob-

jecting particularly to so much of the judgment as directed what he should do with the money when he does collect it. He contends that he is accountable only to the probate court as to what disposition he should make of it; that the fact that by the statute and the bylaws of the society the money cannot be used to pay debts of the testator does not *ipso facto* make it conclusive that it will ultimately inure to the benefit of the sole heir of the testator; and that if it should eventually do so, it must be done under the supervision of the probate court—not in the first instance by order of the district court.

These contentions of the executor are well founded. It was the duty of the executor to collect this insurance. When he got his hands on it, it was his duty to report that fact to the probate court and ask its instructions as to the disposition of the fund. There is no reason to assume that the probate court will not follow the law in disposing of the money. The money is an asset of the testate estate of Louis F. Parsons; and if it may not be used to pay debts of the testator, nevertheless it will be the executor's duty, under the supervision of the probate court, to disburse the money as the will of the testator, or the order of the probate court, may direct.

It follows that the judgment of the district court must be modified, and the cause is remanded with instructions to eliminate from its judgment so much thereof as assumes to direct the executor what he must do with the money paid into court by the defendant Grand Lodge. It is so ordered.